IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ERIC THOMAS HURD,                )
                                 )
          Plaintiff,             )
                                 )
                                 )    CIV-16-291-HE
v.                               )
                                 )
LOAN MAX, et al.,                )
                                 )
          Defendants.            )

REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

I. *In Forma Pauperis* Application

Preliminarily, Plaintiff has filed an Application for Leave to Proceed *In Forma Pauperis* in this action. With his Application Plaintiff has presented a supporting affidavit and certified statement of his institutional account. Because it appears Plaintiff is not able to pay the required filing fee at this time, the Application (Doc. # 8) is GRANTED, and Plaintiff is allowed to proceed *in forma pauperis* in this action without prepayment of any

---

[1] The Complaint is not filed on the proper form for a 42 U.S.C. § 1983 action, and it is not immediately discernible that Plaintiff is indeed seeking relief under 42 U.S.C. § 1983. However, in his Application for Leave to Proceed In Forma Pauperis (Doc. # 8) Plaintiff states that he is applying for leave to commence this action for civil rights relief. Therefore, the cause is construed as one seeking relief under 42 U.S.C. § 1983.

1

filing fee.

Plaintiff is advised that although he has been granted permission to proceed without prepayment of any portion of the required filing fee, he must pay the full filing fee when funds are available as provided in 28 U.S.C. § 1915(b). If Plaintiff does not wish to pay the full filing fee, Plaintiff must notify the Court in writing that he wishes to dismiss this action. Any such written notice must be received by the Clerk of the Court within twenty (20) days of the entry of this Report and Recommendation.

Plaintiff is also advised that payment of any or all of the filing fee will not preclude dismissal of the action if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be ranted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments, when available as provided in 28 U.S.C. § 1915(b), will continue to be collected until full payment of the $350.00 filing fee has been received by this Court even after disposition (final ruling) of the case and regardless of whether relief is granted or denied.

II. Statutory Screening of Prisoner Complaints

Because Plaintiff is proceeding *in forma pauperis*, the Court has a duty to screen the Complaint. See 28 U.S.C. § 1915(e)(2). In this initial review, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To survive this review, Plaintiff must plead "enough facts to state a claim that is

plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In applying this standard the Court must assume the truth of all well-pleaded factual allegations in the Complaint and construe them in the light most favorable to Plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011).

Although a *pro se* litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing *pro se* complaint does not "assume the role of advocate")(quotations and citation omitted). Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

An initial review of the sufficiency of the Complaint under 28 U.S.C. § 1915(e)(2) has been conducted, and based on this review the undersigned recommends dismissal of the cause of action on filing.

III. Plaintiff's Complaint

In Plaintiff's initial Complaint styled "Civil Petition Lawsuit" (Doc. # 1), Plaintiff asserts that he is suing Defendants Loan Max and Anderson Financial, LLC, whose businesses are located in Wellington, Kansas, for damages incurred in connection with Defendants' repossession of Plaintiff's pickup truck on approximately February 22, 2016, in Stillwater, Oklahoma. Plaintiff states that he is being detained in the Payne County Jail.

3

Plaintiff alleges that the repossession of his pickup truck and the removal of the truck with his personal property therein was unlawful and a violation of his agreement/contract with Defendants. Plaintiff seeks either the return of his truck and personal property or damages in the amount of $11,290.00.

Plaintiff filed a "Motion to Amend" the Complaint on April 18, 2016, in which Plaintiff seeks to amend the Complaint to add a third Defendant, Oklahoma Repossessors. Plaintiff also seeks to amend the Complaint to allege that Defendant Oklahoma Repossessors "collaborated with" Defendants Loan Max and Anderson Financial, L.L.C., "to steal Plaintiff's blue 2003 Toyota Tundra from the Payne County Courthouse parking lot," that Defendants obtained a fraudulent lien on Plaintiff's pickup truck, that on approximately March 29, 2016, Defendant Oklahoma Repossessors damaged Plaintiff's truck, that Defendant Oklahoma Repossessors refused to pay for the damage to Plaintiff's truck, and that Plaintiff seeks damages in the amended amount of $14,490.00 for the fraudulent repossession of and damage to Plaintiff's truck and personal property.

IV. Failure to State a Claim for Relief under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); see Bruner v. Baker, 506 F.3d 1021, 1025-1026 (10th Cir. 2007)(quotation omitted). In order to obtain relief from Defendants under 42 U.S.C. § 1983, Plaintiff must show that each Defendant was "acting under color of" Oklahoma law at the

4

time of the alleged conduct for which Plaintiff seeks damages. Conn v. Gabbert, 526 U.S. 286, 290 (1999); West v. Atkins, 487 U.S. 42, 48 (1988).

"[A] public employee acts under color of state law while acting in his [or her] official capacity or while exercising his [or her] responsibilities pursuant to state law." West, 487 U.S. at 50. However, Plaintiff has not alleged that any of the named Defendants is a governmental official or entity. When the party being sued under § 1983 is a private individual or entity, the issue becomes whether the private party's actions are fairly attributable to the State. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). See Lugar v. Edmondson Oil Co., 457 U.S. 922, 935, 937 (1982)(conduct constituting "state action" satisfies under-color-of-state-law element, and private conduct constitutes state action if it is "fairly attributable to the State").

A two-part test must be satisfied for a private party's conduct to be "fairly attributable to the state" and therefore constitute "state action" for the purpose of § 1983. Under this test,

> [f]irst, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Second, the private party must have "acted together with or . . . obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State."

Wyatt v. Cole, 504 U.S. 158, 162 (1992)(quoting Lugar, 457 U.S. at 937)(internal citation omitted).

Giving the allegations in the Complaint a broad construction in light of Plaintiff's *pro se* status, Plaintiff has not alleged any conduct by Defendants that would constitute state

5

action. Plaintiff has alleged that Defendants employed an invalid lien mechanism to repossess Plaintiff's vehicle in a public parking space, unlawfully took Plaintiff's personal property that was in the vehicle at the time of the repossession, and that one Defendant damaged Plaintiff's vehicle after it was repossessed.

These alleged actions are purely private actions that, though they may be encouraged by state laws allowing self-help repossession, nevertheless are derived solely from a private contract or private conduct that satisfies none of the conditions necessary to constitute state action. See Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000)("A private individual does not engage in state action simply by availing herself of a state procedure."); Herrera v. Santa Fe Public Schools, 41 F.Supp.3d 1027, 1150 (D.N.M. 2014)("[M]erely following a procedure established by state law does not transform a private party's activity into state action.").

Oklahoma's replevin statute, Okla. Stat. tit. 12, § § 1571–71.1 (replevin); Okla. Stat. tit. 12, §1580, provides a post-deprivation judicial remedy for the recovery of possession of property or the value of the property. Under Oklahoma law, Plaintiff also has a post-deprivation remedy in the form of actions for conversion or fraud. See Okla. Stat. tit. 23, §§ 3,4, 64; Okla. Stat. tit. 76, § 1. However, Plaintiff's allegations of a deprivation of personal property by private entities and damage to personal property by private entities with no conduct that could be considered state action fail to state a plausible claim for relief under 42 U.S.C. § 1983.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be

6

dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __May 10th__, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this __20th__ day of __April__, 2016.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE